# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 3, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | * | UNPUBLISHED |
| GEORGE SWAISS, | * | |
| | * | No. 15-286V |
| Petitioner, | * | |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | * | Interim; Special Master's |
| AND HUMAN SERVICES, | * | Discretion. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | * | |

Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for petitioner.
Adriana Ruth Teitel, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On March 19, 2015, George Swaiss ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that he suffered a small-fiber Guillain-Barré Syndrome ("GBS") variant as a result of a TDaP vaccination he received on or about June 1, 2012. *Id.* at Introduction. I held an entitlement hearing in this matter in Washington, D.C., on February 12, 2018.

On September 14, 2018, petitioner filed a motion for interim attorneys' fees and costs. Petition for Interim Attorney's Fees and Costs ("Pet. Motion") (ECF No. 94). Petitioner requested reimbursement for attorneys' fees in the amount of $111,463.08, and reimbursement for costs in the amount of $39,423.76. Pet. Motion at 1-2. Petitioner also requested reimbursement for his own out-of-pocket expenses of $400.00. *Id.* at 2.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website can be accessed at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On September 26, 2018, respondent filed a response to petitioner's motion. Respondent's Response to Petitioner's Motion for Interim Attorneys' Fees and Costs (ECF No. 96). Respondent argued that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent "defers to the Special Master to determine whether or not petitioner has met the legal standard for an interim fees and costs award as set forth in *Avera v. HHS*, 515 F.3d 1343 (Fed. Cir. 2008)." *Id.* at 2. Respondent further "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award." *Id.* at 3.

Petitioner has not filed a reply. This matter is now ripe for adjudication.

The special master may, in the exercise of his or her discretion, grant an interim award of reasonable attorneys' fees and costs if the special master finds that the petitioner brought the claim in good faith and with a reasonable basis. § 300aa-15(e)(1); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). Special masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs, and may increase or reduce the initial fee award calculation based on specific findings. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994); *see Avera*, 515 F.3d at 1348.

In *Avera,* the Federal Circuit stated, "Interim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352. In *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375.

The present case has been pending before the Program since 2015. Petitioner has since submitted an expert report in support of his claim and had his expert testify at the entitlement hearing. I find that petitioner's claim was brought in good faith and there exists a reasonable basis for this claim. Petitioner is therefore entitled to a reasonable award of interim attorneys' fees and costs.

The hourly rates requested by petitioner for the counsel, paralegals, and law clerks who have performed work on this case are in accordance with the hourly rates established in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). I have reviewed the billing invoices submitted with petitioner's motion. The billing entries reflect the nature of each task performed, the amount of time expended, and the person performing each task. Based on my experience and my familiarity with the work performed in this case, the attorneys' fees requested appear to be reasonable, and I find no cause to make adjustments. Thus, the requested interim attorneys' fees are awarded in full.

Petitioner also requested reimbursement for costs incurred thus far in this matter. The costs include, *inter alia*, costs related to obtaining medical records, obtaining the hearing transcript, retaining a medical expert, for the life care planner, and travel-related costs for a client visit and the entitlement hearing. Pet. Motion, Tab A at 66-71. The most substantial costs for which petitioner is seeking reimbursement are the expert costs in the amount of $31,125.00. Pet. Motion,

Tab B at 50-51.  I have reviewed the invoices submitted with petitioner's motion.  The expenses incurred are well-documented and based on my experience they appear reasonable.  I find no cause for adjustment and thus the requested attorneys' costs are awarded in full.

Petitioner also requested reimbursement for his out-of-pocket expenses in the amount of $400.00, which he paid for the court filing fee.  Pet. Motion, Tab C at 1.  In accordance with General Order #9, petitioner filed a signed statement stating that he did not pay a retainer to counsel in this matter.  Statement Regarding General Order No. 9 (ECF No. 95).  Petitioner's out-of-pocket expenses are awarded in full.

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**.

Accordingly, I award the following:

1) **A lump sum in the amount of $150,886.84, representing reimbursement for petitioner's interim attorneys' fees and costs, in the form of a check payable to petitioner and his attorney, Ronald Homer, of Conway, Homer, P.C.**

2) **A lump sum in the amount of $400.00, representing reimbursement for petitioner's out-of-pocket expenses, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.